AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

JOSE ORLANDO GARCIA DURAN

Defendant.

Case Number    08CR219(JAP)-01

**RECEIVED**

AUG - 4 2008

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant, JOSE ORLANDO GARCIA DURAN, was represented by Linda Foster, Assistant Federal Public Defender.

The defendant pled guilty to count(s) One of the Information on 03-24-2008. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. 136 (a) & (b)(2) | Illegal Re-Entry | On or about 09-25-2006 | One |

As pronounced on 08-04-2008, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) One, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 8th day of August, 2008.

JOEL A. PISANO
United States District Judge

07728

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 2 of 4

Defendant: JOSE ORLANDO GARCIA DURAN
Case Number: 08CR219(JAP)-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 18 Months.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant:     JOSE ORLANDO GARCIA DURAN
Case Number:   08CR219(JAP)-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall cooperate with Immigration and Customs Enforcement to resolve any problems with his status in the United States. The defendant shall provide truthful information and abide by the rules and regulations of Immigration and Customs Enforcement. If deported, the defendant shall not re-enter the United States without the written permission of the Attorney General. If the defendant re-enters the United States, he shall report in person to the nearest U.S. Probation Office within 48 hours.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Defendant: JOSE ORLANDO GARCIA DURAN
Case Number: 08CR219(JAP)-01

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____    _____
                    Defendant                  Date

_____    _____
U.S. Probation Officer/Designated Witness    Date

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 08-00219-001 |
| v. : | AFFIDAVIT IN SUPPORT OF DEPORTATION |
| JOSE ORLANDO GARCIA DURAN : | |
| Defendant. : | |

STATE OF NEW JERSEY )
                    )ss
COUNTY OF MONMOUTH  )

JOSE ORLANDO GARCIA DURAN, having been duly sworn according to law, deposes and says:

1. I, Jose Orlando Garcia Duran, acknowledge that I am not a citizen of the United States and that I have no legal status to remain in the United States. I further acknowledge that I am a native and citizen of the Dominican Republic.

2. I acknowledge that I have been convicted of importation of heroin, in violation of 18 U.S.C. §§ 952(a) & 960(b)(2)(A).

3. I acknowledge that my rights with respect to deportability from the United States have been fully explained to me by my attorney, Linda D. Foster, and that I am satisfied with her services.

4. I understand that I have a right to a hearing regarding deportability and I knowingly, intelligently and voluntarily waive my right to a hearing before this Court, before an Immigration Judge, and before any other authority under the Immigration and Nationality Act, on the question of my deportability from the United States and I, hereby, concede my deportability from the United States.

5. In this regard, I understand my right to examine any and all evidence against me prior to the hearing, to present evidence on my own behalf, and to cross-examine witnesses presented by the government and I, hereby, knowingly, intelligently and voluntarily waive these rights.

6. In addition to conceding that an order for my deportation from the United States is warranted in my case, I also knowingly, intelligently and voluntarily waive any

and all rights I may have to appeal an Order of Deportation in my case, to reopen my case, or to challenge in any manner the filing of an Order of Deportation in my case.

7. Finally, the entire contents of this Affidavit have been interpreted and translated for me in the Spanish language.

_____
Jose Orlando Garcia Duran
DOB 4/23/77

Sworn and subscribed to
before me this \_4th\_ day
of \_August\_, 2008

_____
(Attorney at Law – State of New Jersey)